J-S43031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DAVID WINWOOD | |
| Appellant | No. 1871 WDA 2016 |

Appeal from the PCRA Order November 9, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010718-1985

BEFORE: STABILE, SOLANO, and FITZGERALD[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        FILED: July 19, 2017

Appellant, David Winwood, appeals *pro se* from an order denying his second petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

In 1985, Appellant was charged at CP-02-CR-12033-1985 ("Case 1") and CP-02-CR-10718-1985 ("Case 2")[1] with various sexual offenses against his wife and step-children. In July 1986, a jury convicted Appellant of rape,[2] statutory rape,[3] involuntary deviate sexual intercourse,[4] indecent assault,[5]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Case 2 is the only case under review in this appeal. We only discuss Case 1 to provide helpful factual and procedural context.

[2] 18 Pa.C.S. § 3121.

[3] 18 Pa.C.S. § 3122 (repealed).

[4] 18 Pa.C.S. § 3123.

spousal sexual assault[6] and simple assault[7] in Case 2. In November 1986, another jury convicted Appellant of sexual offenses in Case 1. On April 21, 1987, the court sentenced Appellant in both cases to an aggregate term of thirty-two to sixty-four years' imprisonment.

Appellant filed a timely direct appeal in Case 2. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on April 17, 1989, thus making his judgment of sentence final for purposes of the PCRA. *See* 42 Pa.C.S. § 9545(b)(3).

In 1995, Appellant filed his first PCRA petition in Case 2. The PCRA court denied relief, this Court affirmed, and our Supreme Court denied allowance of appeal.

On August 26, 2015, Appellant filed his second PCRA petition in Case 2. The PCRA court appointed counsel, who subsequently filed a motion for leave to withdraw and a "no-merit" letter under *Turner*/*Finley*.[8] On November 6, 2015, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 23, 2015, Appellant filed a *pro se* response to the Rule 907 notice

---

[5] 18 Pa.C.S. § 3126.

[6] 18 Pa.C.S. § 3128 (repealed).

[7] 18 Pa.C.S. § 2701.

[8] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

claiming that he had recently discovered an exculpatory medical record relating to one of his victims. On March 2, 2016, the PCRA court appointed new counsel to investigate Appellant's claim of after-acquired evidence. New counsel determined that Appellant's claim was meritless and filed a motion for leave to withdraw and a "no-merit" letter under ***Turner***/***Finley***. On May 4, 2016, the PCRA court issued a second Rule 907 notice of intent to dismiss Appellant's petition. On May 17, 2016, Appellant filed a *pro se* response in opposition to the second Rule 907 notice. On November 9, 2016, the court dismissed Appellant's petition and granted new counsel leave to withdraw. Appellant timely appealed to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[9]

Appellant raises four issues in this appeal, which we restate for the sake of brevity:

> 1. Are Appellant's convictions under 18 Pa.C.S. §§ 3122 and 3128 void or illegal for the reason that the legislature repealed these statutes six years after his judgment of sentence became final?
>
> 2. Did the medical record of one of Appellant's victims constitute after-acquired evidence which entitles Appellant to a new trial?

---

[9] The following occurred in Case 1: in 1989, Appellant's judgment of sentence was affirmed on direct appeal. In 1995, Appellant moved for PCRA relief without success. On November 23, 2015, Appellant filed his second PCRA petition. On May 12, 2016, the PCRA court dismissed this petition. On April 20, 2017, this Court affirmed in an unpublished memorandum at 957 WDA 2016.

3. Did the PCRA court disregard exculpatory evidence in the medical records of one of the victims?

4. Did Appellant timely file a PCRA petition alleging after-acquired evidence that exonerated him of the offenses?

Appellant's Brief at 4-5.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Here, Appellant's current petition, filed on August 26, 2015, is facially untimely under the one-year statute of limitations, because over twenty-five years have elapsed since his judgment of sentence became final. Therefore, we must determine whether any of his arguments satisfy the timeliness exceptions within section 9545(b)(1)(i)-(iii).

In his first argument, Appellant contends that his sentences under 18 Pa.C.S. §§ 3122 and 3128 are illegal because the legislature repealed these statutes in 1995. He argues that this argument fits within the after-acquired evidence exception within 42 Pa.C.S. § 9545(b)(1)(ii) because he first learned about the repeals while performing legal research in July 2015. Appellant might have had an interesting point had these statutes been found unconstitutional, *see Ex Parte Siebold*, 100 U.S. 371, 376-77 (1879) (conviction under unconstitutional statute is not merely erroneous but is void

and cannot be legal cause of imprisonment), or had they been repealed prior to his sentencing in 1987. **See Scranton City v. Rose***,* 60 Pa. Super. 458, 462 (1915) ("[t]here is no vested right . . . existing after the repeal of a criminal statute, to prosecute an offense in existence prior to the repeal of such statute . . . all proceedings which have not been determined by final judgment, are wiped out by a repeal of the act under which the offense took place"). In this case, however, sections 3122 and 3128 were neither found unconstitutional nor repealed prior to sentencing. At the time of sentencing, they were perfectly legal. Thus, Appellant's sentence was valid, and the subsequent repeal of these statutes did not invalidate his sentence.

Even if the repeal of these statutes rendered his sentence illegal, Appellant's argument does not satisfy the after-acquired evidence exception within 42 Pa.C.S. § 9545(b)(1)(ii). While there is no law directly on point, we do not believe that the repeal of a statute constitutes an after-acquired "fact" under section 9545(b)(1)(ii). **Cf. Commonwealth v. Watts***,* 23 A.3d 980, 986 (Pa. 2011) (judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception in section 9545(b)(1)(ii), because this provision "applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"). Even if the repeal was an after-acquired "fact," Appellant fails the due diligence element of section

9545(b)(1)(ii) by failing to seek PCRA relief until twenty years after the repeal. Thus, Appellant's first argument warrants no relief.

In his final three arguments, Appellant contends that medical records of one of his victims was "exculpatory," that trial counsel was ineffective for failing to present them to the jury, and that his discovery of the records established an exception to the PCRA's time-bar. The PCRA court rejected this argument for the following reasons:

> First, [Appellant]'s trial was held in 1987, and [Appellant] raised this claim for the first time in his November 23, 2015 [r]esponse to the court's proposed dismissal order. [Appellant] has never pled the actual date that he "discovered" the existence of the purportedly "exculpatory" medical record. In his November 23, 2015 [r]esponse, [Appellant] merely stated that "the after-discovered evidence was the result of seeking files and having a competent f[e]llow inmate review the case and assist Petitioner in presenting the finding and information within (60) days of discovery that could not have been discovered otherwise by Petitioner prior to trial . . . ." (November 23, 2015 response, p. 6). Thus, [Appellant]'s clear failure to allege the exact date when he discovered the medical record evidence precludes him from meeting the after discovered evidence exception to the time-bar. ***See Commonwealth v. Yarris***, 731 A.2d 581, 589-91 (Pa. 1999) (after-discovered evidence exception not satisfied where appellant failed to demonstrate when alleged after-discovered evidence was actually discovered).

> In addition to [Appellant]'s failure to allege an exact date of discovery, [Appellant] himself has confirmed that the claim was not raised within 60 days of the date when the claim could have been presented. Indeed, "Exhibit 5," which was attached to [Appellant's] November 23, 2015 response, confirms that [Appellant] has been in possession of the medical record at the heart of his PCRA Petition for a number of years. Exhibit 5 is a letter that [Appellant] sent to Attorney Coffey making him aware of the medical

record. In that letter, which was dated September 28, 2015, [Appellant] stated that he discovered the medical record "years ago" within his records that were held by his previous attorney. ("Please find as enclosures, copies of critical medical records that were find [sic] within my records of previous attorney years ago"). Moreover, in his May 17, 2016 [r]esponse, [Appellant] again states that he discovered the "newly found evidence" "through the assistance of another inmate" and that such evidence was found in "appellate counsel's files" which were in [his] possession. Therefore, [Appellant] has confirmed that he discovered the evidence "years ago," which undoubtedly prevents him from proving that his claim was raised within 60 day time period set forth in § 9545(b)(2).

Second, even assuming, for the sake of argument, that [Appellant] was able to prove that he raised the claim within the required 60 day period, [Appellant] failed to prove by a preponderance of evidence that the medical record could not have been discovered [twenty-eight] years ago through the exercise of due diligence, as is required by § 9545(b)(1)(ii). To that end, [Appellant]'s November 23, 2015 [r]esponse seems to confirm that trial counsel, was in possession of the medical record at the time of trial, which completely eviscerates any notion that the medical record could not have been discovered with the exercise of due diligence.

PCRA Ct. Op., 3/22/2017, at 10-11. We agree with the PCRA court's thorough analysis and its conclusion that no relief was due.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017